Andrew W. Stavros (8615)
Adam G. Clark (13047)
**STAVROS LAW P.C.**
8915 South 700 East, Ste. 202
Sandy, Utah 84070
Tel: (801) 758-7604
Fax: (801) 893-3573
andy@stavroslaw.com
adam@stavroslaw.com

*Attorneys for Defendant*

---

## IN THE UNITED STATES DISTRICT COURT IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PRIME MACHINE, INC., a Utah corporation, and PRIME FIELD SERVICE CORPORATION, a Utah corporation, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID TAYLOR, an individual, O'CONNOR KILN AND DRYER, INC., a South Dakota corporation, d/b/a OKD INDUSTRIAL, <br><br> Defendants. | **NOTICE OF REMOVAL** <br><br> Case No. _____ <br><br> Judge: _____ |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant O'Connor Kiln and Dryer, Inc. dba OKD Industrial ("OKD Industrial"), by and through its undersigned counsel, hereby gives notice removal of the action pending in the Third Judicial District Court in and for Salt Lake County, State of Utah, styled *Prime Machine, Inc. and Prime Field Service Corporation v. David Taylor and O'Connor Kiln and Dryer, Inc. d/b/a OKD Industrial*, Civil No. 250906446, to the United States District Court for the District of Utah, Central Division. In support of removal, OKD Industrial states the following:

1.      Pursuant to 28 U.S.C. § 1446(a), the following sets forth a short and plain statement of the grounds for removal. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. This case may be removed pursuant to 28 U.S.C. § 1441 because (i) removal is timely, (ii) the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs (the Complaint alleges in excess of $300,000), (iii) the parties are citizens of different states, (iv) this Court is the proper venue, and (v) no defendants have been properly joined and served in this action.

## I.      REMOVAL BASED ON DIVERSITY OF CITIZENSHIP

2.      On August 6, 2025, Plaintiffs filed an action against the defendants styled *Prime Machine, Inc. and Prime Field Service Corporation v. David Taylor and O'Connor Kiln and Dryer, Inc. d/b/a OKD Industrial*, Civil No. 250906446, in the Third Judicial District Court, in and for Salt Lake County, State of Utah (the "State Court Action").

3.      OKD Industrial has not received service of process. However, OKD Industrial received notice of the lawsuit on or about August 9, 2025, and subsequently filed this Notice of Removal within thirty (30) days of its notice, as required by 28 U.S.C. § 1446(b)(1).

4.      Venue is proper in the United States District Court for the District of Utah under 28 U.S.C. §§ 1441(a) and 1446 because this District Court and Division embraces the place in which the removed action has been pending, *i.e.*, in the Third Judicial District Court in and for Salt Lake County, State of Utah.

5.      Pursuant to DUCiv 81-2(b)(2) and 28 U.S.C. § 1446(a), the following documents are attached hereto as exhibits to this Notice of Removal:

    a.   Ex. A: Civil Cover Sheet;

    b.   Ex. B: Complaint filed in the State Court Action;

    c. Ex. C: Third District Court Docket; and

    d. Ex. D: Notice of Filing of Removal.

6. Pursuant to 28 U.S.C. § 1446(d), OKD Industrial will give notice of the filing of this Notice of Removal to the Plaintiffs and to the Third Judicial District Court in and for Salt Lake County, State of Utah, in which Civil No. 250906446 is pending by filing a Notice of Filing of Removal and serving this Notice of Filing upon Plaintiffs' counsel.

7. Removal is proper because there is complete diversity between the parties. 28 U.S.C § 1332(a). Additionally, the amount in controversy exceeds $75,000. See 28 U.S.C § 1332(a); 1446(c)(2)(B).

**A.** **The Parties Are Completely Diverse.**

8. OKD Industrial may remove this action pursuant to 28 U.S.C. §§ 1332 and 1441(b) because complete diversity of citizenship exists between the properly joined parties.

    **1.** **Plaintiffs' citizenship is in Utah.**

9. At the time the Complaint was filed and at the time of removal, Plaintiffs Prime Machine, Inc. and Prime Field Service Corporation are incorporated in the State of Utah with their principal places of business in Salt Lake County, Utah. Accordingly, Plaintiffs are citizens of the Utah for purposes of diversity.

    **2.** **Defendant OKD Industrial's citizenship is in South Dakota.**

10. At the time the Complaint was filed and at the time of removal, OKD Industrial is incorporated in the State of South Dakota. OKD Industrial's headquarters and principal place of business is located at 1108 W Cherry Street, Vermillion, South Dakota 57069. OKD Industrial's President maintains an office at that address. Accordingly, OKD Industrial is a citizen of South Dakota for diversity purposes.

**3.     Defendant Taylor has not been served, so his citizenship does not preclude this removal.**

11.     Defendant Taylor is an individual domiciled in Utah. He would be a citizen of Utah for purposes of diversity of citizenship if his citizenship were properly considered, but Defendant Taylor's presence as a Utah defendant in this action does not preclude removal in this case because he has not been served.

12.     A diverse defendant can remove a case to federal court on diversity grounds under the concept of "snap removal" if non-diverse forum defendants have not yet been served. "The jargon for removal prior to service on all defendants is 'snap' removal." *Texas Brine Co. v. Am. Arb. Assoc., Inc.*, 955 F.3d 482, 485 (5th Cir. 2020). This practice turns on the interpretation of the "forum defendant rule" in 28 U.S.C. § 1441(b)(2), which provides that a case otherwise removable on diversity grounds cannot be removed if any of the defendants "properly joined and served" is a citizen of the state where the action is brought.

13.     The forum defendant rule in 28 U.S.C. § 1441(b)(2) bars removal only when a forum defendant has been "properly joined and served." Courts have interpreted this language to allow removal before service on the forum defendant.

14.     "[T]he forum defendant rule in section 1441(b)(2) is unambiguous. Its plain meaning precludes removal . . . only when the defendant has been properly joined and served." *Encompass Ins. Co. v. Stone Mansion Restaurant*, 902 F.3d 147, 153-54 (3rd Cir. 2018) ("[T]he case was properly removed to federal court."). The Circuit Courts did "not have any doubt about the propriety of removal because, as discussed, the text is unambiguous." *Texas Brine Co.*, 955 F.3d at 487. "Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable . . . ." *Id. (*quoting *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019)). Section "1441(b)(2) is unambiguous

and inapplicable until the defendant is served." *Anaya v. Schlumberger Tech. Corp.*, 2024 WL 5003579 at * 3 (5th Cir. Dec. 6, 2024). *See also McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) (finding argument "without merit" because "unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)."). And other circuits have recognized the rule without having occasion to formally adopt it. *See M&B Oil, Inc.*, 66 F.4th at 1109-10 (recognizing "many courts have held that the forum-defendant rule does not apply" and assuming same without deciding); *Casola v. Dexcom, Inc.*, 98 F.4th 947, 964 (9th Cir. 2024) (recognizing "common practice for in-forum defendants . . . to race to file a notice of removal before being served" without deciding issue).

15.    The Tenth Circuit has not specifically addressed snap removal. "[D]istrict courts within the Tenth Circuit that have considered the snap removal issue have uniformly ruled against snap removal by the forum defendant because the plaintiff did not have a reasonable opportunity to serve the forum defendant and because allowing snap removal by a forum defendant would result in the removal of an otherwise unremovable case." *Tortella v. RAKS Bldg. Supply, Inc.*, 758 F. Supp. 3d 1323, 1327 (D.N.M. 2024).

16.    Here, Defendant Taylor was not served process within a reasonable time. This Notice of Removal was filed after Plaintiffs had a reasonable opportunity to serve Defendant Taylor as the forum defendant.

**B.    The Amount in Controversy Requirement is Met.**

17.    In addition, removal is proper in this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs.

18.    Plaintiffs assert that "damages at issue in this action $300,000 such that the case constitutes 'Tier 3' case under the Utah Rule of Civil Procedure 26(c)(5)." *See* Compl. at ¶ 8.

19.     Since there is complete diversity of citizenship and the amount in controversy is met, the case is removable because it is an action that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

## **PRAYER**

WHEREFORE, Defendant O'Connor Kiln and Dryer, Inc. dba OKD Industrial states that this action is properly removable and respectfully requests that this action now pending in the Third Judicial District Court, in and for Salt Lake County, State of Utah, be removed to this Court, and requests that this Court assume jurisdiction of this action and issue such further orders and processes as may be necessary to bring before it all parties necessary for trial.

DATED this 22nd day of August, 2025.


**/s/ Adam G. Clark**
Adam G. Clark
STAVROS LAW P.C.
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2025, I caused a true and correct copy of the foregoing

has been provided to the counsel list electronically or by any manner authorized by Federal Rule

of Civil Procedure 5(b)(2).


       D. Zachary Wiseman (dwiseman@rqn.com)
       Austin C. Nate (anate@rqn.com)
       RAY QUINNEY & NEBEKER P.C.
       36 South State Street, Suite 1400
       Salt Lake City, Utah 84145-0385


                                        **/s/ Adam G. Clark**